MEDINA, APPELLANT, *v.* THE REGISTRAR OF CAGUAS,
RESPONDANT.

APPEAL from a Decision of the Registrar of Property Record-
ing a Designation of Heirship with Curable Defects.

No. 263.—Decided February 18, 1916.

RECORD OF TITLE—PERSONAL STATUS—CURABLE DEFECT.—Subdivision 6 of article
9 of the Mortgage Law and subdivision 9 .of article 63 oft the Regulations
for its execution prescribe that registrars shall copy into the record from
the instrument the name and surname, age, status, occupation and domicile
of the person from whom the property is immediately derived as a means
of identifying him; and if these details do not appear in the instrument,
the omission must be assigned as a curable defect.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent registrar appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

In recording the designation of heirs which the appellant
presented to him together with another document, the re-
spondent registrar, according to the note subjoined to the
said designation of heirs, noted two curable defects in the
record, of which the first, which is the only .one appealed
from, was that the documents presented did not state the
civil status and other personal circumstances of the ancestor.

According to subdivision 6 of article 9 of the Mortgage
Law, every record made in a registry shall set forth, among
other things, the name and surname of the person or the
name of the corporate body or legal entity from whom the
property or right to be recorded is immediately derived;
and in providing for the manner of complying with the said
provision, subdivision 9 of article 63 of the Regulations pre-
scribes that the names to be stated in the record shall be
expressed as they appear in the instrument and that to the
name shall be added the age, status, occupation, and domicil.

This provision is plain and requires the registrar to in-
clude in the record said particulars concerning the person

from whom the property was acquired as a means of identification, and as such particulars do not appear in the documents presented to the said registrar, he. was justified in assigning that omission as a curable defect. *Hernández* v. *The Registrar,* 12 P. R. R. 128; Decisions of the Directorate of Registries of Spain of July 21, 1863, and April 19, 1890. The case of *Pereira* v. *The Registrar,* 20 P. R. R. 58, which the appellant cites in support of his appeal, bears no relation to the present case because in that case the question was as to the title of the grantor of the right and the defect was cured by another document which accompanied the title deed.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.